IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS JAMES WEBB,

    Plaintiff,

v.                                                                         Civil Action No. **3:08CV744**

GARY BRIAN ALLISON, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brought this civil action.[1] On March 19, 2009, the Court ordered Plaintiff to file a particularized complaint because the original complaint did not state any basis for the Court to exercise jurisdiction, and also lacked a prayer for relief. On March 25, 2009, the Court received Plaintiff's particularized complaint. Plaintiff claims that Defendants violated his rights in conjunction with the termination of his parental rights.

Plaintiff's particularized complaint relied for federal jurisdiction on a single Virginia case. Accordingly, on April 15, 2009, the Court again ordered Plaintiff to identify a basis for federal jurisdiction. Plaintiff responded on April 24, 2009. He suggests that Amendments VI, IX, and XIV of the United States Constitution give this Court jurisdiction. Plaintiff does not explain his theory of jurisdiction or specify precisely which of the many guarantees in the cited constitutional provisions apply. Plaintiff also cites without explanation to six federal cases that

---

[1] Although Plaintiff originally filed this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Plaintiff does not challenge the fact or duration of his confinement and has consented to collection of the full civil filing fee.

pertain to habeas corpus proceedings.[2] It is doubtful that Plaintiff has complied with the Court's April 15, 2009 Order. Nevertheless, the Court will evaluate the allegations in Plaintiff's complaint as though the action were filed under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

## Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[2] *Wainwright v. Greenfield*, 474 U.S. 284 (1986) (holding that use of defendant's post-*Miranda* warning silence as evidence of his sanity violated due process); *Strickland v. Washington*, 466 U.S. 668 (1984) (articulating standard for claims of ineffective assistance of counsel during criminal proceedings); *Swain v. Pressley*, 430 U.S. 372 (1977) (holding constitutional District of Colombia collateral review statute); *Ex parte Parks*, 93 U.S. 18 (1876) (denying habeas petition under superceded federal habeas statute); *Clanton v. Muncy*, 845 F.2d 1238 (4th Cir. 1988) (vacating stay of execution); *Sawyer v. Brough*, 358 F.2d 70 (4th Cir. 1966) (holding actual conflict of interest existed where co-defendants with contradictory defenses were represented by same attorney). Plaintiff also cites to a California habeas case. *People v. Corona*, 80 Cal. App. 3d 684 (1978).

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it

does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

In his particularized complaint, Plaintiff alleges that Defendants Kay Van Pelt, esq., Gary Allison, esq., and Alexandra Stoyanova induced him to relinquish his parental rights. On May 18, 2005, an unspecified court ruled that Plaintiff was incompetent. Subsequently, Defendant Van Pelt approached Plaintiff's appointed counsel in his criminal case to arrange an adoption of the child of Plaintiff and Defendant Stoyanova. Plaintiff's counsel informed Defendant Van Pelt that she would have to wait until Plaintiff was restored to competency to discuss the matter.

On August 24, 2005, Defendant Van Pelt received from Plaintiff a letter agreeing to surrender his parental rights. Plaintiff does not recall writing the letter, but feels he "was probably manipulated and coached by birth mother [Defendant] Alexandra Stoyanova to do so" because she wanted to arrange the adoption of their child. (Part. Compl. 3.) On August 30, 2005, Defendant Allison, whom Defendant Van Pelt hired to represent Plaintiff in the adoption process, visited Plaintiff at the Chesapeake City Jail ("the Jail"). Plaintiff informed Defendant Allison that he did not agree to an adoption. Plaintiff also informed Defendant Allison that a court had adjudicated him legally incompetent. Defendant Allison warned Plaintiff that, due to his metal illness, Missouri state courts would terminate his parental rights and "send [his] newborn baby girl back and forth to different foster homes" unless Plaintiff consented to an adoption. (Part. Compl. 4).

4

On September 22, 2005, Defendant Allison again visited Plaintiff in the Jail. Although Plaintiff was debilitated by the symptoms of mental illness and the side-effects of his medication, Defendant Allison "pressured and used fraud and undue influence to get the plaintiff to sign [legal documents that led to the] termination of parental rights. . . . [P]laintiff did not know . . . why he was signing documents at that time due to plaintiff's incompetency." (Part. Compl. 4-5.)

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases). "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

However, the United States Court of Appeals for the Fourth Circuit has identified a "handful of contexts" in which "the conduct of an ostensibly private actor is under color of law for purposes of section 1983." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000). Acts by a private citizen may be taken under color of state law when the state does more than "'adopt a passive position toward the underlying private conduct.'" *Id.* (*quoting Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614-15 (1989). Color of state law may also exist where "the state delegates its obligations to a private actor," *id.* (*citing West*, 487 U.S. at 54), or where the private individual was performing a traditional state function. *Id.* (*quoting United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995)). A private citizen may also be fairly said to act under color of state law where unconstitutional state

5

procedures are used to accomplish the deprivation. *Id.* (*quoting Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 933 (1982)). State action is not limited to these contexts, however, and the analysis requires "an examination of all the relevant circumstances, in an attempt to evaluate 'the degree of the Government's participation in the private party's activities.'" *Id.* (*quoting Skinner*, 489 U.S. at 614).

Plaintiff does not allege any facts indicating that Defendants acted under the color of state law. The particularized complaint does not indicate that any state government took more than a passive role in the termination of Plaintiff's parental rights, nor that Defendants acted pursuant to any special grant of authority. Although Defendants Allison and Van Pelt are licensed attorneys, they do not thereby act under color of state law. *Crawford-el v. Shapiro*, No. 89-6570, 1989 WL 64191, at *1 (4th Cir. June 5, 1989) (rejecting argument that attorney was state actor merely because state granted license to practice law); *see also Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (holding that retained defense attorney was not a state actor).[3] Plaintiff does not challenge the procedural mechanism by which he was divested of his parental rights. Finally, Plaintiff does not otherwise indicate that Defendants "may fairly be said to be . . . state actor[s]." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (*quoting Lugar*, 457 U.S. at 937). Accordingly, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be

---

[3] Because the "under color of state law" requirement is equivalent to the "state action" requirement of the Fourteenth Amendment, the terms are interchangeable for the purposes of this analysis. *See Goldstein*, 218 F.3d at 341 (*citing Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 215 (4th Cir. 1993)).

numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 8-6-09
Richmond, Virginia

7