IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS JAMES WEBB,

    Plaintiff,

v.                                                                        Civil Action No. **3:08CV744**

GARY BRIAN ALLISON, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

In his particularized complaint, Plaintiff alleges that Defendants Kay Van Pelt, esq., Gary Allison, esq., and Alexandra Stoyanova induced him to relinquish his parental rights. On May 18, 2005, an unspecified court ruled that Plaintiff was incompetent. Subsequently, Defendant Van Pelt approached Plaintiff's appointed counsel in his criminal case to arrange an adoption of the child of Plaintiff and Defendant Stoyanova. Plaintiff's counsel informed Defendant Van Pelt that she would have to wait until Plaintiff was restored to competency to discuss the matter.

On August 24, 2005, Defendant Van Pelt received from Plaintiff a letter agreeing to surrender his parental rights. Plaintiff does not recall writing the letter, but feels he "was probably manipulated and coached by birth mother [Defendant] Alexandra Stoyanova to do so" because she wanted to arrange the adoption of their child. (Part. Compl. 3.) On August 30, 2005, Defendant Allison, whom Defendant Van Pelt hired to represent Plaintiff in the adoption process, visited Plaintiff at the Chesapeake City Jail ("the Jail"). Plaintiff informed Defendant Allison that he did not agree to an adoption. Plaintiff also informed Defendant Allison that a court had adjudicated him legally incompetent. Defendant Allison warned Plaintiff that, due to his metal illness, Missouri state courts would terminate his parental rights and "send [his] newborn baby girl back and forth to different foster homes" unless Plaintiff consented to an adoption. (Part. Compl. 4).

2

On September 22, 2005, Defendant Allison again visited Plaintiff in the Jail. Although Plaintiff was debilitated by the symptoms of mental illness and the side-effects of his medication, Defendant Allison "pressured and used fraud and undue influence to get the plaintiff to sign [legal documents that led to the] termination of parental rights.... [P]laintiff did not know ... why he was signing documents at that time due to plaintiff's incompetency." (Part. Compl. 4-5.)

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases). "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

However, the United States Court of Appeals for the Fourth Circuit has identified a "handful of contexts" in which "the conduct of an ostensibly private actor is under color of law for purposes of section 1983." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000). Acts by a private citizen may be taken under color of state law when the state does more than "'adopt a passive position toward the underlying private conduct.'" *Id.* (*quoting Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614-15 (1989). Color of state law may also exist where "the state delegates its obligations to a private actor," *id.* (*citing West*, 487 U.S. at 54), or where the private individual was performing a traditional state function. *Id.* (*quoting United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995)). A private citizen may also be fairly said to act under color of state law where unconstitutional state procedures are used to accomplish the deprivation. *Id.* (*quoting Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 933 (1982)). State action is not limited to these contexts, however, and the analysis requires "an examination of all the relevant circumstances, in an attempt to evaluate 'the degree of the Government's participation in the private party's activities.'" *Id.* (*quoting Skinner*, 489 U.S. at 614).

Plaintiff does not allege any facts indicating that Defendants acted under the color of state law. The particularized complaint does not indicate that any state government took more than a passive role in the termination of Plaintiff's parental rights, nor that Defendants acted pursuant to any special grant of authority. Although Defendants Allison and Van Pelt are licensed attorneys, they do not thereby act under color of state law. *Crawford-el v. Shapiro*, No. 89-6570, 1989 WL 64191, at *1 (4th Cir. June 5, 1989) (rejecting argument that attorney was state actor merely because state granted license to practice law); *see also Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (holding that retained defense attorney was not a state actor).[1] Plaintiff

---

[1] Because the "under color of state law" requirement is equivalent to the "state action" requirement of the Fourteenth Amendment, the terms are interchangeable for the purposes of this

> does not challenge the procedural mechanism by which he was divested of his parental rights. Finally, Plaintiff does not otherwise indicate that Defendants "may fairly be said to be . . . state actor[s]." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (*quoting Lugar*, 457 U.S. at 937). Accordingly, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

(Aug. 6, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff filed a notice of voluntary dismissal.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

analysis. *See Goldstein*, 218 F.3d at 341 (*citing Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 215 (4th Cir. 1993)).

## III. VOLUNTARY DISMISSAL

The Federal Rules of Civil Procedure provide that "[s]ubject to ... any applicable federal statute, the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Unless otherwise stated, or unless the court has previously dismissed an action based on the same claim, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Thus, while Plaintiff enjoys a right to dismissal of this action without prejudice, this right is subject to other provisions of law, including the "three strikes" provision for prisoners proceeding *in forma pauperis*. 28 U.S.C. 1915(g).[2] In enacting this provision, Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." *Roller v. Gunn*, 107 F.3d 227, 230 (4th Cir 1997). In light of the purposes of this provision and the procedure afforded him in this case, Webb's dismissal at this late date does not relieve him of the consequences of filing a frivolous action. *See Sumner v. Tucker*, 9 F. Supp. 2d 641, 643-44 (E.D. Va. 1998).

There being no objections, upon review of the record the Report and Recommendation will be ACCEPTED AND ADOPTED. The action will be DISMISSED AS FRIVOLOUS.

---

[2] 28 U.S.C. § 1915(g) provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                                /s/
                                    James R. Spencer
                                    Chief United States District Judge

Date: 10-22-09
Richmond, Virginia